UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>v.<br><br>ALBERTO ACOSTA MORENO,<br><br>                              Defendant. | Case No.: 18-cr-3345-GPC<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 43.]** |

Defendant Alberto Acosta Moreno has filed a motion seeking compassionate release or reduction of his sentence under 18 U.S.C. § 3582(c). ECF No. 43. The Government opposes. ECF No. 45 ("Opp."). For the reasons that follow, Acosta Moreno's motion is DENIED.

### I.   BACKGROUND

Acosta Moreno was convicted by guilty plea of one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 19, 20. Acosta Moreno was sentenced to a term of imprisonment of 39 months, followed by 3 years of supervised release. ECF No. 42. Defendant is presently imprisoned at the GEO El Centro Service Processing Center ("GEO El Centro"), a facility not operated by the Bureau of Prisons ("BOP"). ECF No. 43 at 3; Opp. at 4. Acosta Moreno has served about 34 months, approximately 87 percent of his sentence.

1

Acosta Moreno is 39 years old and does not claim to have underlying health conditions. *Id.* at 3–4; ECF No. 21 at 2, 9. Acosta Moreno contracted COVID-19 and scabies while in custody at GEO El Centro. ECF No. 43 at 4. After contracting COVID-19, Acosta Moreno reported experiencing fever, chills, a persistent and unrelenting painful cough, loss of his sense of smell and taste, sore throat, aches, and extreme fatigue. ECF No. 43 at 3.

## II.  DISCUSSION

Acosta Moreno now moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

Accordingly, there are two questions before the Court: first, whether Defendant has satisfied the administrative exhaustion requirement, and second, whether Defendant has demonstrated extraordinary and compelling reasons for a sentence reduction.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, "amends numerous portions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)).  One of the changes resulting from the Act is that it "allows defendants, for the first time, to petition district courts directly for compassionate release." *Id*.  As one district court recently explained:

> The effect of the amendments is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request for compassionate release in a timely manner. . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A).  *See, e.g.,* First Step Act, PL 115-391, 132 Stat 5194, 5239 (titling the subsection amending § 3582, "Increasing the Transparency and Use of Compassionate Release"); 164 Cong. Rec. S7314- 02, 2018 WL 6350790 (Dec. 5, 2018) (statement by Senator Cardin, cosponsor of the First Step Act, noting that its purpose was to "expand[s] compassionate release" and "expedite[] compassionate release applications").

*United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020); *see also United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) ("[O]ne of the express purposes of the First Step Act was to increase the use and transparency of compassionate release.").

### A.     Exhaustion Requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement requiring a defendant to fully exhaust all administrative rights to appeal before a defendant may move the court for release.  Acosta Moreno mailed a letter to GEO El Centro requesting compassionate release and 30 days have elapsed since the letter was sent, without response.  ECF No. 43

at 2; Ex. A.  The Government considers Acosta Moreno to have met the exhaustion requirement because GEO El Centro is a non-BOP facility.  Opp. at 4.  Accordingly, the Court finds Acosta Moreno has exhausted administrative remedies.

### B.  Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Section 1B1.13 of the Sentencing Guidelines further explains that a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 8 U.S.C. § 3553(a)," that:

(1) (A) Extraordinary and compelling reasons warrant the reduction; . . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

Application Note 1 to these Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons."  The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes "extraordinary and compelling reasons" which justify compassionate release.

Acosta Moreno argues that because he has contracted COVID-19 and scabies while in custody, he is medically at-risk and not receiving adequate care.  ECF No. 43 at 4.  Acosta Moreno further argues that he is serving substantially harder time than anticipated at the time of sentencing because he has served his entire term of confinement, before and after sentencing, in a local county jail or private contract facility

4

as opposed to a BOP facility. *Id.* The Government argues that the fact that Acosta Moreno contracted COVID-19 and is confined in a non-BOP facility does not constitute extraordinary and compelling reasons to justify Acosta Moreno's release. Opp. at 10.

Although the Court recognizes that COVID-19 is a serious disease that can have significant health consequences even for younger and otherwise healthy individuals, Acosta Moreno has not alleged that he has an underlying medical condition that puts him at increased risk of serious illness as a result of contracting COVID-19, or that he has suffered particularly severe symptoms. Acosta Moreno alleges he has not fully recovered from COVID-19 and that the long-term health complications of the disease are unknown. However, he has not alleged that his continued confinement puts him at greater risk of experiencing these lasting effects. Although Acosta Moreno contends conditions at GEO El Centro are worse than a BOP facility and caused him to contract COVID-19 in the first place, he has not explained how the facility's failings affect his ability to provide self-care as he recovers from COVID-19 or put him at risk of further harm. Accordingly, the Court finds that Acosta Moreno's past COVID-19 diagnosis and confinement in GEO El Centro do not rise to the level of extraordinary and compelling reasons justifying his release. Because Acosta Moreno has failed to demonstrate the threshold requirement of extraordinary and compelling reasons justifying his release, the Court does not reach the sentencing factors set forth in Section 3553(a).

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion for Compassionate Release.

**IT IS SO ORDERED.**

Dated: October 5, 2020

Hon. Gonzalo P. Curiel
United States District Judge